UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation<br><br>Plaintiff,<br><br>v.<br><br>KILROY REALTY CORPORATION, a Maryland corporation; *et al.*,<br><br>Defendants. | CASE NO. 2:18-CV-01124-R-(JPRx)<br><br>**ORDER ON STIPULATED CONFIDENTIALITY AGREEMENT**<br><br>Complaint Served: February 28, 2018<br>Trial Date: March 26, 2019 |
| KILROY REALTY CORPORATION, a Maryland corporation; *et al.*,<br><br>Counterclaimants,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Counterdefendant. | |

///

1 | The Court has reviewed and considered the Stipulated Confidentiality
2 | Agreement submitted by the parties, a copy of which is attached as Exhibit A.
3 |     IT IS SO ORDERED.

Dated: July 26, 2018

_____
Honorable Manuel L. Real
United States District Court Judge

# EXHIBIT A

LATHAM & WATKINS LLP
  Peter K. Rosen (Bar No. 082725)
  *peter.rosen@lw.com*
  Christine G. Rolph (Bar No. 190798)
  *christine.rolph@lw.com*
  Hannah C. Cary (Bar No. 301493)
  *hannah.cary@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Defendants and Counterclaimants
Kilroy Realty Corporation, Kilroy Services LLC
and KR 350 Mission LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KILROY REALTY CORPORATION, a Maryland corporation; *et al.*,<br><br>Defendants. | CASE NO. 2:18-CV-01124-R-(JPRx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT**<br><br>Complaint Served: February 28, 2018<br>Trial Date: March 26, 2019 |
| KILROY REALTY CORPORATION, a Maryland corporation; *et al.*,<br><br>Counterclaimants,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Counterdefendant. | |

WHEREAS, Travelers Property Casualty Company of America ("Travelers"), Plaintiff and Counterdefendant, on the one hand, and Kilroy Realty Corporation, KR 350 Mission, LLC, and Kilroy Services, LLC (referred to herein together as "Kilroy"), Defendants and Counterclaimants, on the other hand, by and through their respective counsel of record, agree that discovery in this coverage action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than in this litigation may be warranted;

IT IS HEREBY STIPULATED by and among the Parties that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and/or privacy rights, the Parties stipulate to the following Stipulated Confidentiality Agreement.

The following Stipulated Confidentiality Agreement shall apply to the production of all Confidential Materials, as defined below.

1. The following definitions shall apply:

    a. "Documents" means any "Writing," "Original" and "Duplicate" as those terms are defined by Federal Rules of Evidence Rule 1001. "Documents" shall include deposition transcripts.

    b. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information

is entitled to confidential treatment under applicable law.

      c.      "Confidential Materials" means all items or information produced, disclosed, or generated in connection with discovery, including but not limited to all discovery responses, deposition testimony, deposition exhibits or other documents, including electronic media, and tangible materials of any kind, however communicated, produced in this litigation that Parties to this action have designated as "Confidential" pursuant to the provisions of this Stipulated Confidentiality Agreement.

      d.      "Discovery Request" means any formal request for information in the above entitled action and any disclosures required pursuant to the rules. "Discovery Request" includes: (a) any formal document request; (b) any formal interrogatory; (c) any formal request for admission; (d) any initial or supplemental disclosures, including but not limited to FRCP Rule 26 disclosures, and, (e) any subpoena or subpoena *duces tecum*.

      e.      "Discovery Response" means all information produced in response to any Discovery Request made in this action. "Discovery Response" includes answers to responses provided or objections asserted in response to any Discovery Request.

      f.      "Information" means the content of Documents, Testimony or Discovery Responses.

      g.      "Designating Party" means the Party that designates the Confidential Material as "Confidential."

      h.      "Party" or "Parties" means either of Travelers or Kilroy in the singular and both of Travelers and Kilroy in the plural.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this action.

j. "Underlying Litigations" consists of the following actions:

 a) Lehman v. Transbay Joint Powers Authority, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-16-553758;

 b) Buttery v. Sean Jeffries, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-17-556292;

 c) Chang v. Mission Street Development LLC, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-17-556617;

 d) Millennium Tower Association v. Mission Street Development LLC, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-17-557830;

 e) Montana v. Mission Street Development LLC, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-17-558649;

 f) Xu Ming Ying v. Transbay Joint Powers Authority, filed in the Superior Court of California for the County of San Francisco, Case No. CGC-17-559210;

 g) Maui Peaks Corporation v. Mission Street Development LLC, filed in the Superior Court of California for the

County of San Francisco, Case No. CGC-17-560322;

h) Any subsequently filed actions in which Kilroy is named by a combination of owners of residential condominiums or the homeowners' association of the Millennium Tower at 301 Mission Street in San Francisco as well as any other case related to the Millennium Tower in San Francisco, California where Kilroy is named as a party.

2. All Confidential Materials shall not be Disclosed to any person or entity except in accordance with the terms, conditions and instructions of this Stipulated Confidentiality Agreement.

3. Any Party producing Confidential Materials in connection with this action may designate any Confidential Material as "Confidential" by marking the Confidential Material with the phrase "Confidential Information" (or other language substantially the same) on each page of the Confidential Material containing confidential information. A Party receiving the Confidential Material(s) may mark it as "Confidential" within thirty (30) days of receiving the Confidential Material(s) by placing the "Confidential" marking on the Confidential Material(s) and providing copies of the Confidential Material(s) so marked to the other Party. If only portions of the Information warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

4. Any Party may mark any Testimony as confidential by making a statement to that effect on the record at the deposition or by marking the appropriate portion of the transcript as "Confidential" within twenty (20) days after the date the transcript of the testimony is available. If no indication on the

record is made, all materials and information disclosed during a deposition shall be deemed "Confidential" until the expiration of the twenty-day period within which any Party may designate the material or information as "Confidential." Any "Confidential" material or information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony that discuss the "Confidential" material or information.

5. If a Party disagrees that Confidential Materials designated as "Confidential" should be so designated, that Party shall confer with the Designating Party and attempt to reach agreement as to the claimed confidentiality. If the Parties are unable to resolve the matter, a Party receiving a document marked "Confidential" may move the Court to review the document on the ground that the designation is inappropriate and the materials so designated should not be subject to the protections, and request the Court to determine whether it does, in fact, contain confidential information or whether the "Confidential" designation should be removed.

6. The Stipulated Confidentiality Agreement does not alter, waive, modify or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery of matters, including but not limited to any Party's right to assert the attorney-client, work product or any other applicable privileges or protections, or any Party's right to contest any such assertion.

7. All Confidential Materials, and all derivative Documents prepared therefrom, such as notes or summaries, are private and confidential, shall be used only for and in connection with the above-captioned action and shall not be

disclosed to any person or entity except in accordance with the terms, conditions and restrictions of this Stipulated Confidentiality Agreement, or as otherwise ordered by the Court. No person other than the Designating Party shall use any Confidential Materials obtained through production from the Designating Party for any other purpose, unless that Party first obtains relief from this Stipulated Confidentiality Agreement by written agreement of the Designating Party to withdraw the designation of "Confidential" or by Order of the Court.

8. Kilroy contends that certain Documents, Testimony, and/or Information concerning the Underlying Litigations relating to this coverage action are privileged, attorney work-product and/or Confidential Materials. Until such time as these coverage issues are finally resolved in this action, the Parties agree a common interest presumptively exists between the Parties with respect to the Underlying Litigations. Accordingly, disclosure of the Documents, Testimony, Discovery Responses or Information among the Parties or to others, including the Court, pursuant to this Stipulated Confidentiality Agreement shall not alter, waive, modify or abridge (i) the confidentiality of the Document, Testimony, Discovery Response or Information Disclosed, or (ii) any right, privilege or protection otherwise applicable to the Document, Testimony, Discovery Response or Information Disclosed, vis-à-vis third parties.

9. No Confidential Material may be Disclosed to any person without prior written consent of the Designating Party, except that the following persons are authorized to received Confidential Materials without such written consent:

//
//

  a. Counsel for the Parties, including but not limited to, attorneys and employees of such counsel's law firms, to the extent reasonably necessary to render professional service in connection with this action;

  b. Parties, to the extent necessary for such Parties to see Confidential Materials for the purpose of this action (including employees and former employees with whom it is considered in good faith necessary to consult in connection with the prosecution or defense of the case);

  c. Experts and consultants, and their employees, retained by a Party in connection with the action;

  d. Third party contractors (and their employees) involved in the organizing, filing, coding, converting, storing or retrieving data, including in connection with a computerized litigation support system;

  e. Witnesses at deposition;

  f. Qualified persons taking testimony, including court reporters and videographers; and

  g. Court officials and personnel involved in this action, including without limitation any mediator (and support staff), settlement conference judge (and support staff) or jury.  This restriction on the disclosure of Confidential Materials may be modified by court order and does not apply where the designating Party has given its written consent to the disclosure.

  10. Before any consultants, experts, mediators, or non-Party witnesses, including any former employees, in this litigation receive or review materials or information designated as "Confidential," counsel for the Party making the disclosure shall explain to each person to whom the Confidential Materials are to

be disclosed that the Confidential Materials are Confidential and are subject to this Stipulated Confidentiality Agreement. Counsel for the Party making the disclosure shall then provide to the person to whom disclosure is planned or proposed a copy of the declaration in the form attached as Exhibit "A" to this Protective Order and obtain the person's signature. Counsel for the disclosing Party shall maintain a complete and current file of declarations so executed for at least two (2) years after this litigation is finally terminated and shall be made available to counsel for any other Party upon a showing that this Protective Order has been violated or may have been violated. This paragraph does not apply when showing or providing materials designated "Confidential" to witnesses at a hearing, trial or deposition, or to any person who, as shown on the face of the document, was an author, addressee, or recipient of the document, including a recipient of a copy. Where the Confidential Materials are being disclosed to a business or firm, such as to an expert, counsel need only discuss the Stipulated Confidentiality Agreement with (and obtain an executed declaration from) one responsible person from the business or firm who shall agree to maintain the Confidential Materials as confidential on behalf of his or her business or firm.

11. Nothing contained in this Protective Order bars or restricts the Parties' attorneys from rendering advice to their respective clients with respect to this litigation. This Protective Order shall not prevent the use of Confidential Materials in connection with a motion, at a hearing, at trial, or at a deposition, provided that the materials shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidential status. The Parties are bound by all requirements for the submission of Confidential Materials contained in Local

Rule 79-5.2.2. Any Party submitting evidence designated "Confidential" in connection with a motion in this litigation shall lodge such evidence with the Court conditionally for filing under seal, publicly file redacted versions of their papers which redact any Confidential Materials, and serve on the Parties the redacted and non-redacted version of the papers. As required by Local Rule 79-5.2.2(b), (i) three (3) days prior to lodging any Confidential Materials conditionally under seal, the Party intending to lodge the Confidential Materials will contact the Party that designated the Materials as "Confidential" to confirm that the Party requires that the materials be conditionally filed under seal; and (ii) any Party seeking to have any part of the filing maintained under seal shall have the burden of making the requisite showing, and shall file any supporting materials with the Court, including but not limited to a motion pursuant to Local Rule 79-5.2.2, within four (4) days of the moving Party's notice of lodgment. If no such showing is made, or the Court deems that the attempted showing was insufficient, the moving Party may file the evidence and unredacted papers with the Court as part of public record. In the event that the Party that designated the Confidential Materials as "Confidential" agrees in writing that it does not require the Materials to be filed under seal, the Party filing the motion may file the motion and supporting material without sealing the Confidential Materials.

12. The inadvertent production of Confidential Materials without a "Confidential" designation by any of the undersigned Parties or non-Parties to this Stipulated Confidentiality Agreement during discovery in this action shall be without prejudice to any claim that such item is Confidential and such Party or non-Party shall not be held to have waived any rights by such inadvertent

production. In the event that any Confidential Materials are inadvertently produced without such designation, the Party or non-Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Confidential Materials (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Confidential Materials shall promptly segregate and maintain as "Confidential" the inadvertently produced Confidential Materials and all copies thereof. This provision is not intended to apply to any production of any Confidential Materials protected by attorney-client, work product or any other applicable privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Confidential Materials, such law shall govern.

13. Nothing in this Stipulated Confidentiality Agreement shall prohibit a Party from seeking modification of any of the terms of this Stipulated Confidentiality Agreement, either by stipulation or by application to the court.

14. Nothing in this Stipulated Confidentiality Agreement precludes any Party from asserting in good faith that certain Documents, Testimony, Discovery Requests or Information require additional protection. The Parties shall meet and confer to agree upon the terms of the additional protection.

15. This Stipulated Confidentiality Agreement is entered into without prejudice to the Designating Party's right to waive any protection it otherwise may claim.

16. This Stipulated Confidentiality Agreement shall continue to be binding after the conclusion of this action and all proceedings arising therefrom.

In the event that 1) any Party is served with a subpoena for the production of Confidential Materials in this litigation and 2) the subpoena was issued by any person or entity that is a party in the Underlying Litigations, it shall be presumed that such Confidential Materials are protected from disclosure. This presumption is limited to any Confidential Materials regarding the defense of Kilroy in the Underlying Litigations. Within 60 days of settlement or final resolution of the action, including any appeal therefrom, all Confidential Material shall be returned to the Party who produced it or destroyed. If the Confidential Materials are destroyed and not returned, counsel for the non-Designating Party shall attest to such destruction in writing based on personal knowledge. This provision shall not apply to copies of the pleadings or other court filings, working files, litigation files, or similar material maintained by a Party or its counsel in the ordinary course of maintaining and preserving files related to this litigation and shall not apply to prevent counsel from retaining Confidential Materials necessary to comply with the rules of professional conduct.

//
//
//
//
//
//
//

A Party may also maintain copies of Confidential Materials pursuant to the express written agreement of the Party that designated the Materials as "Confidential."

Dated: July 19, 2018

LATHAM & WATKINS LLP

By  /s/ Peter K. Rosen
Peter K. Rosen
Attorneys for Defendants and Counterclaimants
KILROY REALTY CORPORATION, KR 350 MISSION, LLC and KILROY SERVICES, LLC

Dated: July 19, 2018

THE AGUILERA LAW GROUP, APLC

By  /s/ Jason Y. Chao
Jason Y. Chao, Esq.
Attorneys for Plaintiff and Counterdefendant
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

| | |
|---|---|
| 1 | ATTESTATION REGARDING ELECTRONICALLY FILED SIGNATURES |
| 2 | Pursuant to L.R. 5-4.3.4(a)(2), I hereby attest that all other signatories listed, |
| 3 | and on whose behalf the filing is submitted, concur in the filing's content and have |
| 4 | authorized the filing herein. |
| 5 | |
| 6 | |
| 7 | By   /s/ Peter K. Rosen |
| 8 |       Peter K. Rosen |

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>    Plaintiff,<br><br>    v.<br><br>KILROY REALTY CORPORATION, a Maryland corporation; et al.,<br><br>    Defendants. | Case No. 2:18-cv-01124<br><br>**DECLARATION REGARDING CONFIDENTIALITY**<br><br><br><br><br>Date Action Filed: February 9, 2018<br>Trial Date: March 26, 2019 |

I hereby declare that:

1. I have been provided with a copy of the Protective Order for the case of Travelers Property Casualty Company of America v. Kilroy Realty Corporation, bearing the case number of 2:18-cv-01124 for the United States District Court for the Central District of California. I have read the Protective Order, understand the terms of the Protective Order, and agree to be bound by the terms of the Protective Order.

2. As required by the terms of the Protective Order, I will not make or retain possession of copies of any Materials or Information designated "Confidential" and I will not use, disclose, make available, or otherwise communicate Confidential Materials or Information in any manner except for the purpose of my acting as an expert, consultant, and/or witness in the above-entitled litigation.

///

///

3. I acknowledge that my failure to abide by the terms of the Protective Order and this Declaration may subject me to penalties if I am found to be in contempt of Court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____   _____   _____
(Date of Signature)            (City, State where Signed)        (Signature of Declarant)

                                                                           _____
(Print Name of Declarant)